UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| PABLO DIAZ GUERRERO,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company, et al.,<br><br>Defendants. | Case No. 5:25-cv-02334-DTB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

**I.**

**PROCEEDINGS**

On April 7, 2025, plaintiff Pablo Diaz Guerrero ("Plaintiff"), represented by counsel, filed a Complaint in Los Angeles County Superior Court, naming as defendants General Motors LLC and DOES 1 through 10, inclusive. (Docket No. 1-1 at 11-18).[1] The gist of the Complaint is that on or about March 30, 2019, Plaintiff

[1] For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

purchased a 2019 Chevrolet Colorado that during the express warranty period contained infotainment defects which were unable to be repaired. (Id. at 12-13). The Complaint alleges the following causes of action: (1) Violation of California Civil Code § 1793.2(d); (2) violation of California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4) breach of implied warranty of merchantability (California Civil Code §§ 1791.1, 1794); and (5) violation of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301-2312); (5) (Id. at 12-17). Plaintiff seeks, among other relief, actual damages, consequential and incidental damages, a civil penalty, restitution, and attorneys' fees. (Id. at 17).

On April 11, 2025, the Summons and Complaint were personally served on defendant General Motors LLC ("Defendant"). (Docket No. 1-1 at 2-3; Docket No. 12-1 at 2, 5-6).

On July 1, 2025, Defendant filed an Answer in Los Angeles County Superior Court. (Docket No. 1-2 at 2-7).

On September 5, 2025, pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant removed the action to this Court based on allegations that there was diversity of citizenship between Plaintiff and Defendant and that the amount in controversy exceeded $75,000.00. (Docket No. 1).

On October 30, 2025, pursuant to 28 U.S.C. § 1447(c), Plaintiff filed a Motion to Remand (Docket No. 12), accompanied by the supporting Declaration of Michelle Yang ("Yang Decl.") with two attached exhibits (Docket No. 12-1).[2] The Motion to Remand is based on the untimeliness of Defendant's removal of the action. (Docket No. 11 at 9-16).

On October 23, 2025, Defendant filed an Opposition to the Motion to Remand ("Opposition") (Docket No. 15), accompanied by the supporting Declaration of

---

[2] The Motion to Remand was timely because it was filed within 30 days of Defendant's Notice of Removal. See 28 U.S.C. § 1447.

Aubrey Kramer ("Kramer Decl.") (Docket No. 15-1) with two attached exhibits (Docket Nos. 15-2 and 15-3).

On October 30, 2025, Plaintiff filed a Reply. (Docket No. 16).

On November 6, 2025 and November 18, 2025, Defendant filed Notices of Supplemental Authorities in support of the Opposition. (Docket Nos. 17-18).

Thus, this matter now is ready for decision. For the reasons stated below, the Court denies the Motion to Remand.

## II.

## LEGAL AUTHORITY

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A district court has original jurisdiction of a civil action "arising under the Constitution, laws, or treaties, of the United States." 28 U.S.C. § 1331. A district court has original jurisdiction of a civil action where the "matter in controversy exceeds the sum or value of $75,000, exclusive or interest and costs," and the matter in controversy is between "citizens of different States[.]" 28 U.S.C. § 1332(a); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) ("As for diversity jurisdiction, federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant.") (citing 28 U.S.C. § 1332(a)).

A defendant may remove an action from state court to a district court if the plaintiff could have originally filed the action in federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); see Enbridge Energy, LP v. Nessel on Behalf of Michigan, 608 U.S. 67, 146 S.Ct. 1074, 1079 (2026) ("[I]f a plaintiff sues in state court bringing federal claims or if the plaintiff and defendant are from different

States and there is a sufficient amount in controversy, the defendant may remove to federal court."). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted);

"In attempting to invoke this Court's diversity jurisdiction, defendants must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000 both at the time of filing of the action and at the time of removal." Tandoc v. U.S. Renal Care, Case No. 2:25-cv-02515-PA-AJR, 2025 WL 1397193, at *2 (C.D. Cal. May 14, 2025); see also Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1000 (2002) ("Diversity jurisdiction, including the amount in controversy, is determined at the instant of removal."). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 90 (2014)). "'Where . . . it is unclear from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" Fritsch, 899 F.3d at 793 (citation omitted); see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (when a state court complaint does not specify a particular amount of damages, the removing defendant has the burden of establishing that it is "more likely than not" that the amount in controversy exceeds the threshold amount); Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (citation omitted;

emphasis in original). "In calculating the amount in controversy, a removing defendant may make reasonable assumptions based on the plaintiff's complaint." Perez v. Rose Hills Co., 131 F.3d 804, 806 (9th Cir. 2025). A district court's determination about the amount in controversy is based on allegations in the Complaint, the removal petition, and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Id. (citation omitted). The amount in controversy is the "amount at stake in the underlying litigation." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016); see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 418 (9th Cir. 2018) ("[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."). The amount in controversy "includes damages (compensatory, punitive or otherwise)" and future attorneys' fees recoverable under a statute or contract. Fritsch, 899 F.3d at 793-94.

28 U.S.C. § 1446 sets forth the procedures for removal. Enbridge Energy, LP, 146 S.Ct. at 1079; Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121, 1124 (9th Cir. 2013); see also Fritsch, 899 F.3d at 788 ("the removal must be timely"). "A defendant must generally remove a case within 30 days of receiving the complaint." Fritsch, 899 F.3d at 788; see 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceedings shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on defendant, whichever period is shorter."); Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 885 (9th Cir. 2010) ("The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'") (citation omitted); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 690-91 (9th

Cir. 2005) ("the thirty day time period [for removal] starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction") (citation and internal quotation marks omitted). "If the complaint itself does not provide a basis for removal, however, a defendant may file a notice of removal within 30 days after receipt of information "'from which it may first be ascertained that the case is one which is or has become removable.'"" Fritsch, 899 F.3d at 788 (quoting 28 U.S.C. § 1446(b)(3)); see 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which it may first be ascertained that the case is one in which is or has become removable."); Dietrich v. Boeing Company, 14 F.4th 1089, 1095 (9th Cir. 2021) ("an amended pleading, motion, order, or other paper must made a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3)"). "[T]he two periods specified in § 1446(b)(1) and (b)(3) operate as limitations on the right to removal rather than as authorizations to remove." Roth, 720 F.3d at 1123. However, "§§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Id. at 1125; see also Gonzalez, 2026 WL 1712263, at *3 ("If the defendant conducts its own investigation and learns facts establishing the existence of federal diversity jurisdiction, the defendant may remove at any time that is within one year of the service of the complaint) (citing 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the

action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.”)).

“. . . [R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts.” Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (citation omitted); see also Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012) (“Removal statutes are to be ‘strictly construed against removal jurisdiction.”) (citation omitted). “Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.” Gaus, 980 F.2d at 566 (citation omitted); see also Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (“any doubt about the right of removal requires resolution in favor or remand”) (citation omitted). “The ‘strong presumption’ against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.” Id. (citation omitted); see also Lewis v. Verizon Commc’ns, Inc., 627 F.3d 395, 399 (9th Cir. 2010) (“This means that jurisdictional issues may be disputed, and, when they are, the burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate.”).

## III.

## DISCUSSION

As noted, Plaintiff has moved to remand this action based on the untimeliness of Defendant’s removal.

### A. Defendant’s Removal of This Case was Not Untimely.

1. The Magnuson-Moss Warranty Act Cause of Action.

Plaintiff contends that Defendant’s removal of this action to federal court was untimely under Section 1446(b)(1) simply because the Complaint contained a

separate federal cause of action under the Magnuson-Moss Warranty Act ("MMWA") (see Docket No. 1-1 at 16-17). (Motion to Remand at 11-12).[3]

Plaintiff does not cite any relevant authority to support his contention. Moreover, it appears that Plaintiff has abandoned his contention by not mentioning it in the Reply. (See Reply, generally).[4]

In any event, under the MMWA, subject to certain exceptions, "a consumer who is damaged by the failure to a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring a suit for damages and other legal and equitable relief in . . . any court of competent jurisdiction in any State[.]" 15 U.S.C. § 2310(d)(1)(A). The MMWA also permits such a suit to be brought "in any appropriate district court of the United States," unless "the amount in controversy is less than the sum or value of $25" or "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]" 15 U.S.C. § 2310(d)(1)(B), (d)((3)(A)-(B). "Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000." Shoner v. Carrier Corp., 30 F.4th 1144, 1147 (9th Cir. 2022); see also Lopez v. General Motors, LLC, Case No. 2:25-cv-MWF-MAA, 2025 WL 2629545, at *2 (C.D. Cal. Sept. 11, 2025) ("Put another way, federal courts have jurisdiction over MMWA claims only if the amount in controversy exceeds $50,000."). "There is nothing in the text of the Magnuson-Moss Act that would

---

[3] Since both parties appear to agree that 28 U.S.C. § 1446(b)(1) is applicable to this case (see Motion to Remand at 8; Yang Decl. at ¶ 8; Opposition at 11), the Court will only apply Section 1446(b)(1) in its analysis.

[4] In fact, in the Reply, Plaintiff does not mention untimeliness or argue that Defendant's removal of this action was untimely.

indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. §1323." Romo v. FFG Ins. Co., 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005).

Therefore, contrary to Plaintiff's contention, the mere existence of a MMWA cause of action in the Complaint was not sufficient to trigger the 30-day removal clock under Section 1446(b)(1). See Roubos v. General Motors LLC, Case No. 2:25-cv-07631-GW-AS, 2025 WL 3033983, at *2 (C.D. Cal. Oct. 30, 2025) (finding that the district court did not have jurisdiction over a MMWA claim where the complaint did not reveal on its face a specific dollar amount in controversy for that claim); Chavarin v. General Motors LLC, Case No. 2:25-cv-06852-HDV-MBK, 2025 WL 3030875, at *3 (C.D. Cal. Oct. 29, 2025) ("[The plaintiff's] Complaint failed to include any allegation that he is entitled to more than $50,000, nor did it allege any other facts (i.e., sales price, market value, etc.) that would have given [the defendant] notice that his claims were worth more than the amount in controversy required under the MMWA."); Martinez v. General Motors LLC, Case No. 2:25-cv-07208-AJR, 2025 WL 29268995, at *4 (C.D. Cal. Oct. 15, 2025) ("Thus, [the plaintiff's] [MMWA] claim did not independently provide grounds for removal based on federal question jurisdiction because the Complaint still needed to sufficient allege an amount in controversy of $50,000."); Stewart v. General Motors LLC, Case No. 2:25-cv-07153-SPG-MAA, 2025 WL 2848991, at *2 (C.D. Cal. Oct. 7, 2025) ("Thus, Plaintiffs must still show that the amount in controversy was evident from the face of the Complaint to trigger the thirty-day deadline.").

2. The Amount in Controversy.

Plaintiff contends that Defendant's removal of this action to federal court was untimely under Section 1446(b)(1) because the amount in controversy is ascertainable from the face of the Complaint. According to Plaintiff: "Although Plaintiff's state court complaint does not allege a specific dollar amount in

controversy, it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone. As noted in Defendant's Notice [of Removal], the Complaint explicitly states that Plaintiff's claims arise out of his purchase of a new 2019 Chevrolet Colorado vehicle and seeks: 'restitution for the purchase of the vehicle'; 'incidental and consequential damages'; 'civil penalties of two times the actual damages'; and 'attorneys' fees'." (Motion to Remand at 10-11).

Plaintiff cites to Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) for the proposition that "a notice of removal requires a mere **plausible allegation** that threshold requirement is met." (Motion to Remand at 11-12; emphasis in original). However, Dart sets forth the standard for a defendant's notice of removal, not the standard for triggering the thirty-day deadlines stated in Section 1446(b). See Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013) ("[W[hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin."). For purposes of the 30-day trigger, the issue is whether the case stated by the Complaint is removable on its face. See Carvalho, 629 F.3d at 885; Harris, 425 F.3d at 694.

Plaintiff argues that, given that Defendant "has, at a minimum, a rudimentary understanding or ability to ascertain an approximation" of the allegedly defective vehicle's market value, given that the Complaint alleged the make, model, year and VIN of the allegedly defective vehicle, and given that Defendant had access to the Manufacturer's Suggested Retail Price of the allegedly defective vehicle ($30,630.00 per the March 8, 2019 invoice, see Yang Decl. at ¶ 7; Docket No. 12-1 at 8), Defendant had "more than sufficient information to plausibly determine the amount in controversy." (Motion to Remand at 12).

/ / /

Contrary to Plaintiff's argument, Defendant was not required to go beyond the face of the Complaint to determine removability. See Harris, 425 F.3d at 694 (". . . We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."), 695 ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446 to begin."); Kuxhausen, 707 F.3d 1136, 1141 (9th Cir. 2013) ("[W]e conclude that [the defendant] was not obligated to supply information which [the plaintiff] had omitted."); Stewart, 2025 WL 2848991, at *3 ("Even assuming [the defendant] had documents in its possession from which it could approximate the amount in controversy, it was not required to 'rely on pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable.'") (quoting Caravalho, 629 F.3d at 885-86); Lopez v. General Motors, LLC, Case No. 2:25-cv-06549-MWF-MAA, 2025 WL 2629545, at *3 ("C.D. Cal. Sept. 11, 2025) ("[The plaintiff] next argues that removability was ascertainable from the Complaint because [the defendants] themselves had the ability to investigate the value the Vehicle given the make, model, year, and VIN included in the Complaint. But the Ninth Circuit has explicitly rejected the notion that [the defendants] must 'make extrapolations or engage in guesswork' where the Complaint does not allege any specific figures that would allow the Defendants to calculate the amount in controversy.") (citing to Kuxhausen, 707 F.3d at 1140); see also Fortune v. General Motors, LLC, Case No. 2:25-cv-JFW-AYP, 2025 WL 2866659, at *3 (C.D. Cal. Oct. 7, 2025) ("In this case, [the plaintiff's] Complaint does not allege a specific amount in controversy, nor does it allege specific facts that would allow [the defendant] to make simple calculations to ascertain the amount in controversy issue (like the purchase price of the Vehicle). Under such circumstances and in accordance with Harris and Kuxhausen (and numerous district court opinions

within the Ninth Circuit), the Court concludes that service of the summons and complaint did not trigger [the defendant's] 30-day time period for removal.").

To the extent that Plaintiff argues that Defendant could reasonably determine removability based on the Complaint's accompanying Civil Case Cover Sheet, which indicated "unlimited" jurisdiction (the amount demanded exceeds $35,000.00) and that "Plaintiff's actual damages are at a minimum of $35,000.00" (Motion to Remand at 12-13, n. 1; see Docket No. 1-1 at 4), that argument has been rejected. See Caravalho, 629 F.3d at 886; Chavarin, 2025 WL 3030875, at *3 ("Plaintiff's argument that the caption and Civil Case Cover sheet invoked the state court's unlimited jurisdiction, indicating that he was seeking damages above $35,000 . . . is similarly off the mark—$35,000 does not meet the jurisdictional threshold."); Balaoing v. Nissan North America, Case No. 1:23-cv-00575-ADA-SAB, 2023 WL 4234664, at *2 n.3, *5 (E.D. Cal. June 28, 2023), report and recommendation adopted by, 2023 WL 5635999 (E.D. Cal. Aug. 31, 2023).

To the extent that Plaintiff relies on the allegations in the Complaint that he "is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to" California Civil Code Section 1794(c) (see Docket No. 1-1 at 13 (¶ 17), 14 (¶ 24), 15 (¶ 28), 17) – allegations on which Plaintiff relies (see Motion to Remand at 11), Plaintiff's failure to allege the actual purchase price of the vehicle in question does not make it clear that the amount in controversy exceeds $75,000.00. See Stewart, 2025 WL 2848991, at *4 ("Because actual damages were uncertain, [the defendant] had no basis to calculate civil penalties."); Lopez, 2025 WL 2629545, at *4 ("[The defendant] could not have calculated civil penalties in this action until the actual damages were certain."); Crescencio v. Ford Motor Co., Case No. 2:24-cv-10946-MWF-BFM, 2025 WL 1122096, at *3 (C.D. Cal. Apr. 9, 2025) ("Because the Complaint does not include sufficient information from which [the defendant could

reliably calculate actual damages, any estimate of civil penalties was equally uncertain.”).

Finally, since the Complaint does not specify amounts being sought for restitution, incidental and consequential damages or for reasonable attorneys’ fees (see Docket No. 1-1 at 13-15, 17), they cannot be used as a basis to find that the Complaint affirmatively reveals on its face an amount in controversy in excess of $75,000.00.

Therefore, the allegations in the Complaint concerning the amount in controversy fall short of triggering the 30-day removal clock under Section 1446(b)(1).

3. Diversity of Citizenship.

To the extent that Plaintiff contends that Defendant’s removal of this action to federal court was untimely under Section 1446(b)(1) because the Complaint sufficiently alleges diversity of citizenship by alleging that Plaintiff is a resident of California (see Motion to Remand at 7), the Court disagree with Plaintiff’s contention.[5]

The Complaint alleges that “Plaintiff is, and at all times relevant herein was, a resident of California.” (Docket No. 1-1 at 12).

Although some district courts, including courts in this District, have found that allegations of residency in a complaint are sufficient to support removal based on diversity jurisdiction, see Gonzalez v. Nissan North America, Inc., Case No. 8:26-

[5] In the Notice of Removal, Defendant states that: “At the time Plaintiff commenced this action, [Defendant] was (and still is) a limited liability company (LLC) with its principal place of business in Michigan. [Defendant’s] sole member is General Motors Holdings LLC. General Motors Holdings LLC is a Delaware LLC with its principal place of business in Michigan. General Motors Holdings LLC’s sole member is General Motors Company. General Motors Company is a Delaware Corporation with its principal place of business in Michigan. . . . Thus, [Defendant] is a citizen of Michigan and Delaware.” (Docket No. 1 at 3-4).

cv-00538-KES, 2026 WL 1712263, at *5 (C.D. Cal. June 12, 2026), the Court finds persuasive the reasoning of cases which have found that allegations of residency in a complaint were insufficient to trigger the 30-day deadline for removal. See Reynoso v. General Motors LLC, Case No. 2:25-cv-08412-AJR, 2025 WL 3089964, at *6 (C.D. Cal. Nov. 5, 2025) (in a case containing a similar allegation about residency, the court concluded that "the [plaintiff's] bare allegation of residency was insufficient to trigger [the defendant's] 30-day deadline for removal on the basis of complete diversity"); Brady v. Kohl's Inc., Case No. 2:22-cv-03427-SPG-PD, 2022 WL 4104627, at *2 (C.D. Cal. Sept. 7, 2022) ("Therefore, based on the complaint, [the defendant] was *at most* put on notice that [the plaintiff] resided in California. But, residency, alone, without evidence of 'an intention to make a certain definite place one's permanent abode,' does not give rise to citizenship for the purposes of diversity jurisdiction. Therefore, [the defendant] could not reasonably ascertain the basis of removal from the four corners of the initial pleading served on [the defendant].") (internal citations omitted); Crisp-Stoot v. Wal-Mart Stores, Inc., Case No. 2:18-cv-01694-PSG-PJW, 2019 WL 1307735, at *2 (C.D. Cal. Mar. 22, 2019) ("[A]n allegation that an individual is a resident of a state is not enough to show that she is a citizen of that state. And because the thirty-day removal clock does not start running until the defendant receives a pleading or other paper that affirmatively reveals that the case is removable, with no need for further investigation, this Court has previously held that information in pleadings or other papers about residence alone is not enough to start the clock.") (citations omitted); Cioffi v. Solomon, Case No. C-14-04139-RMW, 2014 WL 6679555, at *2 ("[The plaintiff's] initial complaint did not trigger the first thirty-day window for removal because it only disclosed [the] plaintiff's residency, not his citizenship.").

Therefore, the allegations in the Complaint regarding Plaintiff's residency are insufficient to trigger the 30-day removal clock under Section 1446(b)(1).

**B. The Amount in Controversy Exceeds $75,000.00.**

Plaintiff moves to remand this action to the state court based on Defendant's failure to meet its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the required threshold of $50,000.00. (Motion to Remand at 14-16).

Defendant contends that it has shown by a preponderance of the evidence that Plaintiff's actual damages, civil penalties, and attorneys' fees exceed the $75,000.00 amount in controversy jurisdictional requirement. (Opposition at 28-30).

As an initial matter, Plaintiff's contention that Defendant did not meet its burden of showing that the amount of controversy exceeds $50,000.00 for Plaintiff's MMWA claim (Motion for Remand at 14-15) is unjustified. In its Notice of Removal, Defendant alleged that the "amount in controversy plausibly exceeds $75,000" based on actual damages, civil penalties, and attorneys' fees recoverable under the Song-Beverly Act. (Docket No. 1 at 4-6).

Under the Song-Beverly Act, a plaintiff may recover actual damages, civil penalties up to "two times the amount of actual damages," and costs and expenses, including attorneys' fees. Cal. Civil Code § 1794. "'In the case of restitution,' actual damages are 'restitution in an amount equal to the actual price paid or payable by the buyer,' reduced by offsets for the use by the prior to the first delivery for repair, negative equity, manufacturer's rebates, any third-party sold optional equipment, and unpaid financing." Letter v. General Motors LLC, Case No. 2:25-cv-07757-HDV-MAA, 2025 WL 3187652, at *3 (C.D. Cal. Nov. 12, 2025) (quoting Cal. Civ. Code § 1793.2(d)(2) and Cal. Code Civ. Pro. 871.27(b)-(d), (f)); see Soto v. General Motors LLC, Case No. 5:25-cv-02531-AH-MBK, 2025 WL 3101973, at *3 (C.D. Cal. Nov. 6, 2025).

Since the Complaint does not specify the amount of damages and attorneys' fees sought by Plaintiff, Defendant bears the burden of showing the amount in

controversy exceeds $75,000.00. See Fritsch, 899 F.3d at 793; Sanchez, 102 F.3d at 404; Gaus, 980 F.2d at 566-67.

1. Actual Damages.

In its Notice of Removal, Defendant made the following allegations: "[Defendant] has estimated the purchase price for the subject 2019 Colorado to be $42,085.66. [Defendant's] preliminary investigation also estimated $21,198.93 in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity. . . . This yields a plausible estimate of actual damages of $20,886.73." (Docket No. 1 at 5).

However, in the Opposition,[6] Defendant alleges that Plaintiff's actual damages are approximately $27,951.86. (Opposition at 28-29).[7]

---

[6] Attached to the Opposition are copies of (1) a Retail Installment Sale Contract for a 2019 Chevrolet Colorado between Plaintiff and Rotolo Chevrolet Inc. in Fontana, California, which Plaintiff produced during discovery on September 2, 2025 (see Kramer Decl. at ¶ 2; Docket No. 15-2 at 2-4), and (2) a repair order summary for that vehicle, reflecting repairs from August 22, 2019 through December 27, 2024 (see Kramer Decl. at ¶ 3; Docket No. 15-3 at 2-3).

Although the Contract states the final payment was due on April 14, 2025 (Docket No. 15-2 at 2), Defendant assumes, but does not know for certain, whether the vehicle has been paid off. (Opposition at 29; Kramer Decl. at ¶ 4).

[7] Defendant provides the following explanation for its estimated calculation of Plaintiff's actual damages:

> Plaintiff purchased a 2019 Chevrolet Colorado with 10 miles on the odometer for $42,085.66. See Declaration of Aubrey Kramer ("Kramer Decl."), Ex. A (RISC). In assessing the various vehicle complaints and what this case might potentially be based on, [Defendant] noted that on November 29, 2021, with 29,675 miles on the odometer, Plaintiff presented the vehicle to a dealership for repair of the defect claim he appears to be pursuing here. See Kramer Decl., ¶ 3, Ex. B (Repair History Summary). Plaintiff's use of the Subject Vehicle prior to the discovery of this alleged nonconformity was 29,665 miles. Dividing this number by 120,000 and multiplying this by the cash price of the Subject Vehicle—$27,643.92—results in an estimated mileage offset of $6,833.80. Additionally, [Defendant] identified other offsets for optional third-party contracts amounting to a total of $7,300. Kramer Decl., Ex. A; Code Civ. Proc. § 871.27. Plaintiff has not yet produced a loan payment history for the purchase of the subject vehicle. Kramer Decl., Ex. C. However, based on the loan terms in the purchase agreement, Defendant estimates

Plaintiff argues that Defendant's estimate of Plaintiff's actual damages is speculative because Defendant has provided no evidence to support its calculation. (Motion to Remand at 14; Reply at 8-10). However, courts have accepted calculations similar to those offered by Defendant. See Villalobos v. General Motors LLC, Case No. 2:25-cv-08463-MWF-SK, 2025 WL 3125802, at *4 (C.D. Cal. Nov. 7, 2025); Tate v. General Motors, Case No. 2:25-cv-07663-DSF-MAA, 2025 WL 3072628, at *1 (C.D. Cal. Nov. 3, 2025); Soto, 2025 WL 3101973, at *3; Letter, 2025 WL 3187625, at *3. Moreover, Plaintiff has not provided any evidence to rebut Defendant's calculations. See Villalobos, 2025 WL 3125802, at *4 (C.D. Cal. Nov. 7, 2025) ("Plaintiff, on the other hand, does not present any competing evidence or reasoned argument to undermine these plausible allegations."); Letter, 2025 WL 3187625, at *4 (noting that Plaintiff "offers nothing concrete—no evidence that a different repair is the first relevant one, no argument that [the defendant] has misunderstood the statutory damages and offsets scheme, and no contrary calculations, etc.—to challenge the calculations").

Therefore, Defendant plausibly alleges that Plaintiff's actual damages are $27,951.86.

---

> Plaintiff completed payment of the vehicle with 72 scheduled payments on 4/14/2025. While this value is not certain without Plaintiff's loan payment history, the estimate is a "reasonable assumption" based on the purchase agreement and satisfies the preponderance-of-the-evidence standard as to the required unpaid financing offset. Arias v. Residence Inn, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions."); but see Kuxhausen, 707 F.3d at 1141, n.3 ("It bears repeating that whether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin."). Accordingly, by a preponderance of the evidence, the "actual" damages at issue here is approximately $27,951.86

(Opposition at 28-29).

2. Civil Penalties.

"A plaintiff who establishes that a violation of the [Song-Beverly Act] was willful may recover civil penalties of up to two times the amount of actual damages." Villalobos, 2025 WL 3125802, at *4 (citing Cal. Civ. Code § 1794(c)). "[C]ivil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake in the litigation." Ladd v. Mercedes-Benz USA, LLC, Case No. 2:25-cv-02879-HDV-BFM, 2025 WL 2081572, at *3 (C. D. Cal. July 24, 2025).

Plaintiff argues that Defendant's calculation of civil penalties for twice the amount of actual damages ($55,903.72, see Opposition at 29-30) is speculative and is unsupported by evidence of Defendant's willful violation of the Song-Beverly Act. (Motion to Remand at 15-16; Reply at 10-13).

Since courts treat such civil penalties as akin to punitive damages, Carillo v. FCA USA, LLC, 546 F. Supp. 3d 995, 1003 (C.D. Cal. 2021), "several courts have found that maximum civil penalties may be included in calculating the amount in controversy." Villalobos, 2025 WL 3125802, at *4 (citations omitted). "This is especially true where, as here, there are 'allegations in the [Complaint] that [the defendant's] conduct was willful." Id. at 5 (quoting Rahman v. FCA US LLC, Case No. 2:21-cv-02584-SB-JC, 2021 WL 2285102, at *2 (C.D. Cal. June 4, 2021)).

The Court has already determined that Defendant's calculation of Plaintiff's actual damages is not speculative. In the Complaint, Plaintiff repeatedly alleges that Defendant's violations were willful and that Plaintiff is entitled to a civil penalty of up to two times his actual damages. (Docket No. 1-1 at 13-15 (¶¶ 17, 24, 28)).

Therefore, Defendant plausibly alleges civil penalties are $55,903.72, bringing a total plausible recovery of $83,855.58.

/ / /

/ / /

3. Attorneys' Fees.

In its Notice of Removal, Defendant alleged that "[based] on [Defendant's] prior experience in similar matters, a reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in litigation is $5,000." (Docket No. 1 at 6).

In its Opposition, Defendant alleges that "[a]ssuming basic workup of this case including discovery and opposition to anticipated dispositive motion practice from [Defendant] it is reasonable to assume (setting aside whether the demand itself will be reasonable that Plaintiff will demand at least $15,000 in attorneys' fees, even if this case resolves before trial." (Opposition at 15).

Plaintiff contends that attorneys' fees should not be included in the amount in controversy determination because "[a]ttorney argument is not evidence, and speculation about possible fee awards cannot establish jurisdiction." (Motion to Remand at 16; see also Reply at 13 ["Defendant's manifestly self-serving, subjective, and *conclusory* beliefs about the purported about of attorneys' fees in controversy are plainly insufficient to meet Defendant's heavy burden of proof on removal and, at best, are *purely speculative*."; italics in original).

As noted, the Complaint seeks unspecified attorneys' fees. (Docket No. 1-1 at 17). The amount in controversy includes future attorney's fees recoverable under a statute or contract. See Fritsch, 899 F.3d at 793-94. Since attorneys' fees are recoverable by the prevailing party in an action alleging a violation of the Song-Beverly Act, Cal. Civ. Code § 1794, the amount in controversy determination can take into consideration attorneys' fees. "An estimate of a potential award of attorney's fees may be based on those that have been made in similar cases." Lopez v. Healthcare Services Group, Inc., Case No. 2:18-cv-10271-JAK-JDE, 2019 WL 1646083, at *4 (C.D. Cal. Apr. 2, 2019). "In estimating future attorneys' fees, district court may likewise rely on 'their own knowledge of customary rates and their

experience concerning reasonable and proper fees.'" Fristch, 899 F.3d at 795 (quoting Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)).

In the Opposition, defendant relies on one case involving the award of attorneys' fees, namely, Sandoval v. GM LLC, Case No. 2:25-cv-06551-DSF-SSC, 2025 U.S. Dist. LEXIS 195478, at *5 (C.D. Cal. Sept. 15, 2025). However, since that case evaluated whether the amount in controversy exceeded $50,000 under the [MMWA], as opposed to the higher threshold in this case, and since Defendant has not cited any relevant authority, the Court is unable to consider attorneys' fees in the determination about the amount in controversy. See Stetz v. General Motors, LLC, Case No. 2:25-cv-11048-MWC-E, 2026 WL 266271, at *2 (C.D. Cal. Feb. 2, 2026)

In sum, Defendant has met its burden of showing that the amount in controversy in Plaintiff's case exceeds $75,000.00, based on actual damages and civil penalties.

Accordingly, the Court finds that the amount in controversy in Plaintiff's case exceeds $75,000.00.

## IV.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand is **DENIED.**

DATED: September 29, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE